IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| MICHAEL ARIN MUZAFFER CIFTCI, | ) | |
|---|---|---|
| PLAINTIFF | ) | |
| v. | ) | No. _____ |
| | ) | JURY DEMANDED |
| KNOX COUNTY, TENNESSEE, | ) | |
| THOMAS SPANGLER, Individually and in His official capacity as Sheriff, | ) | |
| JOSHUA BOWERS, Individually and in his official capacity as a Sheriff's Deputy, | ) | |
| RANDALL L. WILLIAMS, Individually and in his official capacity as a Sheriff's Deputy, GAVIN BALES, Individually and in his official capacity as a Sheriff's Deputy, DENNIS J. SOSVILLE, Individually and in his official capacity. | ) | |
| JAMES TROUTT, Individually and in his official capacity as a Sheriff's Deputy, | ) | |
| CHRISTOPHER WALLACE, Individually And in his official Capacity as a Sheriff's Deputy, | ) | |
| MICHAEL LEDBETTER, Individually and in his official capacity as a Sheriff's Deputy, | ) | |
| BRANDON WORKMAN, Individually and in his official capacity as a Sheriff's Deputy, and | ) | |
| BERNARD LYON, Individually and in his official capacity as a Sheriff's Deputy. | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Comes the Plaintiff, Michael Arin Muzaffer Ciftci, by and through counsel and for cause of action against the Defendants would state as follows:

1. This is a civil rights and personal injury action for the actions of Knox County, Tennessee, the individually named defendants in their individual and official capacities as Sheriff's

1

deputies, and other unknown employees and/or agents of Knox County, Tennessee for using excessive force against Plaintiff Michael Arin Muzaffer Ciftci. Defendants used excessive force and violated Mr. Ciftci's constitutional rights by repeatedly tasering him and failing to command Knox County Sheriff's canine deputy Zoli to halt attack and cease biting Mr. Ciftci who was in police custody and control and suffering from an obvious mental and medical emergency.

2. Plaintiff's personal injuries were proximately caused by acts and omissions by or attributable to Knox County, and the individually named defendants, for their objective unreasonableness, use of excessive force against and deliberate indifference to Mr. Ciftci. Had defendants not used excessive force and had Defendants not been deliberately indifferent to his condition and obvious distress, especially after he was already subdued and restrained Mr. Ciftci would not have suffered the injuries averred in this action.

3. Plaintiff's claims under 42 U.S.C. § 1983 and state law arise, among other things, out of Defendants' use of excessive force against Mr. Ciftci, including tasering him several times and allowing the canine officer Zoli to continue to bite and attack Plaintiff after he was already subdued and restrained. Defendants violated the rights of Mr. Ciftci under the Fourteenth Amendments of the United States Constitution and the laws of the United States and the State of Tennessee when they knowingly and with objective unreasonableness and deliberate indifference to his constitutional rights: (i) used excessive force against Mr. Ciftci after he was already subdued and/or restrained, including tasering him several times and not commanding the canine officer Zoli to cease attacking and biting; and (ii) failed to provide proper monitoring and treatment of Mr. Ciftci when he was suffering from obvious mental and physical injuries. All Defendants acted under the color of the state law and proximately caused the deprivation of Mr. Ciftci's federally protected and state law rights.

## PARTIES

4. Plaintiff Michael Arin Muzaffer Ciftci is an adult citizen of the United States of America and a resident of the State of Tennessee. Plaintiff sues the Defendants for all damages recoverable under state and federal law on behalf of himself.

5. Plaintiff Michael Arin Muzaffer Ciftci brings this action in accordance with Tenn. Code Ann. §§ 39-16-402 and 39-16-403.

6. Defendant, Knox County, Tennessee, is a governmental entity created under the laws of the State of Tennessee. Among its other functions, the Defendant Knox County operates and maintains a law enforcement agency, including training, supervision, and discipline of law enforcement deputies. Defendant Knox County is responsible for ensuring the establishment and enforcement of rules, regulations, policies, procedures, and customs including training, supervision, and discipline of law enforcement deputies. Knox County does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the acts and/or omissions of its employees set forth herein pursuant to the Tennessee Governmental tort Liability Act, T.C.A. § 29-20-10, *et seq.*, and T.C.A. § 8-8-302. Knox County is liable for its own conduct and the acts and omissions of its elected officials, employees, agents, and contractors, including the individually named Defendants, by virtue of the fact that they acted in conformity with the policies, practices, and customs of Knox County. Defendant Knox County was at all times material hereto under a duty to run its policing activities in a lawful manner so as to preserve the peace of Knox County and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitution and the laws of both the United States and the State of Tennessee.

7. Defendants Thomas Spangler, James Troutt, Christopher Wallace, Michael Ledbetter, Brandon Workman, Bernard Lyon, Joshua Bowers, Randall L. Williams, Gavin Bales and Dennis J. Sosville (collectively "KCSO Individual Defendants) are members of the KCSO, and based on information and belief, adult resident citizens of Knox County, Tennessee. At all relevant times, these Defendants were acting by virtue of their positions as law enforcement officials of the KCSO and under the color of state law. These Defendants either directly participated in the use of excessive force against Mr. Ciftci or failed to intervene to prevent the use of excessive force against him. These Defendants are sued individually and in their official capacities as members of the KCSO.

8. Defendants John Doe I-X (collectively the "John Doe Defendants") were at all relevant times agents, employees, deputies, contractors and/or supervisors of Knox County, and/or other persons acting under the control and direction of Knox County. At the present time, the names and identities of these persons are not currently known or knowable to the Plaintiff after reasonable inquiry and notice. The Plaintiff, by and through counsel, is still in the process of identifying other relevant documents that may identify the other individuals who contributed to Mr. Ciftci's injuries.

## JURISDICTION AND VENUE

9. This cause of action arises out of an incident which occurred on February 1, 2020 between Michael Arin Muzaffer Ciftci and members of the KCSO near Henry Haynes Road and Chapman Highway in Knox County, Tennessee.

10. Venue lies with this Court pursuant to 28 U.S.C. § 1391, as all the acts or omissions which give rise to this cause of action occurred within this district, and based on information and belief, all the Defendants are residents of and/or conduct business in this district. Jurisdiction lies

4

Case 3:21-cv-00033-TAV-HBG   Document 1   Filed 02/01/21   Page 4 of 19   PageID #: 4

with this Court pursuant to federal question jurisdiction, 28 U.S.C. §§ 1391 and 1343, based on the claims brought under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourteenth Amendment of the Constitution of the United States of America. Plaintiff further invoked the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

11. Each and every act of Defendants was performed under the color of state law and by virtue of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Tennessee, the County of Knox, and under the authority of their positions as law enforcement deputies for such state and county.

12. All the wrongs complained of herein occurred within this jurisdiction and within the applicable statute of limitations governing this action and this Court has jurisdiction.

## FACTUAL BACKGROUND

13. On February 1, 2020, approximately 5 deputies were believed to be at the scene of the subject incident when excessive force was used against Mr. Ciftci including: Joshua Bowers, canine officer Zoli, Randall L. Williams, Gavin Bales and Dennis John Sosville.

14. As a direct and proximate cause of the foregoing events Mr. Ciftci sustained traumatic canine injury to his left upper extremity and right upper inner thigh, injury to his small forearm perforating vein, right medical thigh laceration and acute pain.

15. Knox County, Tennessee had non-delegable constitutional duties to ensure that Mr. Ciftci was seized using, at most, only reasonable force under the circumstances and that he was properly monitored, evaluated, and treated and that the Knox County Sheriff's Office and its agents and employees provided constitutionally adequate services to Mr. Ciftci. However, Knox County had policies, practices and customs in place which failed to ensure that the protections of citizen's

5

constitutional rights were protected during use of force applications by failing to properly screen, train, and supervise its officers. Therefore, Knox County is liable for any acts and omissions of the KCSO Individual Defendants and the John Doe Defendants performed pursuant to the policies, practices, and customs of Knox County.

16. This event involved four officers from Knox County. The number of officers involved and their positions within Knox County illustrate that the conduct of the KCSO Individual Defendants on the scene was in accordance with the policies, practices, and/or customs of Knox County.

17. Upon review of the deputies' bodycam videotapes, it is clear that the KCSO Individual Defendants violated numerous nationally-accepted police standards and policies and used excessive force, failed to intervene, and failed to properly monitor Mr. Ciftci. Despite these obvious and glaring constitutional violations and violation of nationally-accepted police standards, based on information and belief, Knox County and KCSO failed to discipline, reprimand, suspend or terminate the KCSO Individual Defendants found that all of their actions complied with the Knox County's and the KCSO's policies, practices and customs.

18. At all times material hereto, the deputies of the KCSO were acting in their official capacities and by virtue of their positions as law enforcement deputies of the Knox County Sheriff's Office.

19. As a result of the above referenced acts and omissions, Mr. Ciftci's civil rights were violated, and he suffered severe and significant physical and emotional injuries for which the Defendants are jointly and severally liable.

20. As a result of the above referenced acts and omissions, Mr. Ciftci's civil rights were violated, and he suffered severe and significant physical and emotional injuries for which the Defendants are jointly and severally liable.

21. As a result of the above referenced acts and omissions, the Plaintiff sustained the damages and losses sought herein for which the Defendants are jointly and severally liable.

## CAUSES OF ACTION

### Count I: Federal Constitutional Violations, Including 42 U.S.C § 1983 (Against KCSO Individual Defendants, John Doe Defendants and Knox County, Tennessee)

Plaintiff hereby incorporates, in their entirely, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

22. Plaintiff avers that objectively unreasonable and excessive force was used against Mr. Ciftci when these Defendants, among other things: Tased Mr. Ciftci multiple times.

23. Plaintiff avers that objectively unreasonable and excessive force was used against Mr. Ciftci when these Defendants, among other things: Failed to properly command and control canine officer Zoli to cease biting and attacking Mr. Ciftci who was already apprehended and subdued.

24. Further, during the time that the deputies were using excessive force against Mr. Ciftci, the other deputies failed to intervene and/or take reasonable measures to protect Mr. Ciftci's constitutional rights from being violated.

25. Plaintiff avers that all the KCSO Individual Defendants acted in concert by using objectively unreasonable and excessive force under the circumstances to not command canine officer Zoli to cease biting and attacking Mr. Ciftci once he was apprehended and subdued.

26. By being present at the scene, watching Mr. Ciftci's constitutional rights be violated, failing to intervene, and failing to take reasonable measures to protect Mr. Ciftci from the other deputies' use of unconstitutional excessive force, the other deputies at the scene are also liable for violating Mr. Ciftci's constitutional rights.

27. These Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as Sheriff's Deputies of the Knox County Sheriff's Office and substantially deprived Mr. Ciftci of his rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Mr. Ciftci of the rights guaranteed to him by the Fourteenth Amendment to the United State Constitution including, but not limited to:

   a. The right to freedom from unreasonable seizure of his person;

   b. The right to freedom from the use of unreasonable, unjustified, and excessive force;

   c. Freedom from cruel and unusual punishment;

   d. Freedom from summary punishment;

   e. Failure to intervene and stop the violation of Mr. Ciftci's constitutional rights;

   f. The right to freedom from deprivation of liberty without the process of law;

g.   The right to receive medical attention pursuant to the Fourteenth Amendment of the United States;

h.   The right to freedom from arbitrary governmental activity which "shocks the conscience" of a civilized society in violation of his substantive due process rights.

28.   Further, pursuant to applicable law, Defendant Knox County is liable for the acts or failure to act of any Knox County deputy and may be held jointly and severally liable for any such resulting injuries, losses, or damages.

29.   As a direct and proximate result of the Defendants' acts and/or omissions, Mr. Ciftci sustained substantial mental and physical injuries, sustaining the damages and losses sought herein.

## COUNT II:  Federal Constitutional Violations
## (Against Defendants Knox County, Tennessee)

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

30.   At all times material hereto, the Defendants involved were acting by virtue of the laws of the State of Tennessee and by virtue of the laws of the State of Tennessee and by virtue of their positions as law enforcement deputies or employees of the KCSO.

31.   The Defendants, by and through their elected and appointed officials, permitted, encouraged, and tolerated an official pattern, practice or custom of its police deputies violating the constitutional rights of the public at large, including Mr. Ciftci.

9

32. The grossly unnecessary and excessive use of force by the KCSO deputies against a restrained man lying on the ground in pain clearly evidences their lack of training in how to lawfully complete their duties. If these actions were prohibited, the KCSO Individual Defendants would have been disciplined.

33. Further, the failure of the deputies to identify Mr. Ciftci was suffering from acute mental distress evidences their lack of training on identifying individuals suffering from mental illness and the appropriate methods to respond and obtain immediate treatment for such individuals.

34. Based on information and belief (including a pattern of excessive force being used by KCSO deputies) Knox County failed to have in place proper protocols and training for Sheriff's deputies regarding, among other things, identifying individuals suffering from mental illness, properly monitoring and evaluating an arrestee's medical condition, and the appropriate use of force.

35. Knox County, Tennessee is being sued for allowing a custom or practice of deliberate indifference to, among other things, the use of excessive force. Numerous employees of Knox County and/or Knox County Sheriff's Office, including the individual defendants, were present while excessive force was used on Mr. Ciftci. Upon information and belief, no employees of Knox County were disciplined for their role in the events and, therefore, their conduct was found to be in compliance with the policies, practices and custom of Knox County and ratified in all respects.

36. The Defendants' custom or practice of deliberate indifference to and their failure to properly train on, among other things, the use of excessive force.

37. Among other things, the failure to command canine officer Zoli to cease biting and attacking Mr. Ciftci who was apprehended and subdued was unjustified, unreasonable, excessive and grossly disproportionate to Mr. Ciftci's actions, and constituted the use of excessive and unreasonable force in violation of the rights secured to Mr. Ciftci by the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983 and 1988.

38. Among other things, deploying tasers multiple times on Mr. Ciftci was unjustified, unreasonable, excessive and grossly disproportionate to Mr. Ciftci's actions, and constituted the use of excessive force in violation of the rights secured to Mr. Ciftci by the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983 and 1988.

39. Among other things, failing to command canine officer Zoli to cease attacking and biting Mr. Ciftci was unjustified, unreasonable, excessive and grossly disproportionate to Mr. Ciftci's actions, and constituted the use of excessive force in violation of the rights secured to Mr. Ciftci by the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983 and 1988.

40. In particular, failing to command and control canine officer Zoli was unnecessary and unjustified under the circumstances then and there existing and posed a serious and obvious risk of serious bodily injury and/or death to him in violation of the rights secured to him by the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983 and 1988.

41. Additionally and/or in the alternative, Defendant Knox County, Tennessee, is liable for the violation of Mr. Ciftci's civil rights due to the following policies, practices or customs of Defendants which were in effect at the time of this incident and which were the underlying cause of Mr. Ciftci's injuries, damages and death:

a. KCSO failed to adequately train and educate its deputies with the use of force applications which it knew that its deputies with respect to use of force applications which it knew that its deputies were utilizing in the field and which posed a serious risk of personal injury including, but not limited to, use of force, failure to intervene and prevent the use of excessive force, in deliberate indifference to and reckless disregard of the welfare of the public at large, including Mr. Ciftci;

b. KCSO repeatedly and knowingly failed to discipline its deputies with respect to violations of the laws of the State of Tennessee, the Constitution of the United States, and its own policies regarding the use of force, the failure to intervene and prevent the use of excessive force, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by the KCSO in deliberate indifference to and reckless disregard of the public at large, including Mr. Ciftci;

c. KCSO failed to adequately monitor and evaluate the performance of its deputies and their use of force applications including the use of excessive force, the failure to intervene and prevent the use of excessive force, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by the KCSO in deliberate indifference to and reckless disregard of the public at large, including Mr. Ciftci;

d. KCSO failed to adequately train and educate its deputies with respect to providing medical attention to persons experiencing mental illness in deliberate indifference to and reckless disregard of the welfare of the public at large, including Mr. Ciftci;

e. KCSO allows its deputies to engage in conduct that violates the constitutional rights of persons in custody without fear of reprimand, discipline or termination creating an atmosphere where such unconstitutional behavior is ratified, tolerated, and/or condoned, in reckless disregard to and deliberate indifference of the welfare of the public, including Mr. Ciftci.

42. Based on information and belief, despite the death of Mr. Ciftci, Knox County, Tennessee failed to discipline any Knox County employee and therefore, ratified their conduct and unacceptable method of observation as in compliance with the policies, practices and customs of Knox County. Plaintiff avers that these policies, practices and customs were the moving and underlying cause of the death of Mr. Ciftci.

12

43. Based on information and belief, prior instances of unconstitutional excessive force were sufficient to put the KCSO on notice that its: training on, among other things, the use of excessive force and the danger of such force, were deficient and likely to cause injury; failing to adequately monitor and evaluate the performance of its deputies and their use of force applications were deficient and likely to cause injury; and failing to discipline its deputies with respect to violations of the laws of the State of Tennessee, the Constitution of the United States, and its own policies regarding the use of force were deficient and likely to cause injury.

44. Alternatively, these Defendants are liable for the actions of their deputies by virtue of the fact that the KCSO Individual Defendants involved in this incident were not reprimanded, disciplined or terminated, and, accordingly, these Defendants ratified, condoned, or approved their conduct in this manner.

45. Defendant Knox County, Tennessee is liable for the actions of its employees, agents and contractors by virtue of the fact that based on information and belief, it investigated this incident and found that all employees, agents and contractors acted in compliance with the policies, practices and customs of the Defendants and, therefore, ratified, condoned and approved the conduct of the individual Defendants and other employees, agents and contractors in this matter in all respects.

46. The above-referenced actions of these Defendants were done with deliberate indifference to the welfare of the public, including Mr. Ciftci.

47. Alternatively, Defendant Knox County, Tennessee is liable for the actions of their employees, agents and contractors under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, *respondeat superior*, joint venture, contract and as a result of

their non-delegable duty to comply with the constitution and laws of the United States and the State of Tennessee.

48. Defendants have maintained and exhibited a pattern, practice, custom and policy of deliberate indifference to among other things the use of excessive force against arrestees, including on Mr. Ciftci, which was the motivating force behind and proximately caused the deprivation of Mr. Ciftci's constitutional rights under the Fourth and Fourteenth Amendments, and ultimately his personal injuries and wrongful death, and, accordingly, Plaintiff is entitled to recover from these Defendants, both jointly and severally.

49. As a direct and proximate result of the Defendants' acts and/or omissions, Mr. Ciftci sustained personal injuries sustaining the damages and losses sought herein.

## State Law Claims
## Count III: State Constitutional Violations (Against All Defendants)

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

50. Plaintiff avers that, among other reasons, objectively unreasonable and excessive force was used against Mr. Ciftci when under the above-referenced circumstances these Defendants: (1) repeatedly tasered Mr. Ciftci and (2) failed to command and control canine officer Zoli to cease attacking and biting Mr. Ciftci who was apprehended and in custody.

51. The above described actions and omissions of the Defendants were committed under color of state law and under the color of their authority as police deputes and substantially deprived Mr. Ciftci of the rights secured to him by Article I, Sections 7 and 8 of the Constitution of the State of Tennessee including, but not limited to, the following:

    a. The right to freedom from unreasonable seizure of his person;

    b. The right to freedom from the use of unreasonable, unjustified and excessive force;

c. The right to freedom from deprivation of liberty without due process of law;

d. The right to receive obvious mental health attention as a result of the Defendants injurious acts and omissions;

e. The right to freedom from arbitrary governmental activity which "shocks the conscience" of a civilized society in violation of his substantive due process rights; and

f. The constitutional right to recovery for the unconstitutional mental and physical injuries of Mr. Ciftci.

52. As a direct and proximate result of the Defendants' acts and/or omissions, Michael Arin Muzaffer Ciftci sustained personal injures sustaining the damages and losses sought herein.

**Count IV: Negligence (Against KCSO Individual Defendants and John Doe Defendants)**

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

53. Defendant Knox County is a governmental entity as defined in T.C.A. § 29-20-102. The individual Defendants are employees of Defendant Knox County and/or KCSO. None of the Defendants are healthcare facilities.

54. The acts and omissions of the Defendants alleged herein were committed in the course and scope of their employment with the County of Knox and KCSO and in the performance of official functions.

55. Alternatively, the acts, omissions and conduct of the individual Defendants herein in failing to identify that Mr. Ciftci was suffering from mental illness (and failing to obtain timely treatment) constitute negligence under the laws of the State of Tennessee. Plaintiff avers that all Defendants should be held jointly and severely liable for these torts, as the individual Defendants

15

acted in the course and scope of their employment at all times material hereto and their actions were foreseeable.

56. Further Defendant Knox County, Tennessee is liable for the negligent acts of its agents and/or employees acting within the course and scope of their positions under the state law doctrines of *respondeat superior*, vicarious liability, employer/employee and agency.

57. As a direct and proximate result of the Defendants' acts and/or omissions, Mr. Ciftci sustained personal injuries, sustaining the damages and losses sought herein.

### Count V: Assault and Battery
### (Against KCSO Individual Defendants and Knox County, Tennessee)

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said paragraphs as a part hereof as if fully set forth herein.

58. The acts and omissions of the Defendants alleged herein were committed in the course and scope of their employment with Knox County

and in the performance of official functions.

59. The acts and omissions of the Defendants alleged herein were assault and battery.

60. Defendants, through the actions described above, did intentionally attempt to do and did serious psychological trauma and bodily harm to Mr. Ciftci. They also possessed a contemporaneous ability to cause such harm and trauma.

61. Accordingly, Defendants committed an assault against Mr. Ciftci and made contact with him in a harmful and offensive way, committing battery against him.

62. The KCSO Individual Defendants' conduct was malicious, willful and/or criminal for which they are not entitled to any immunity under State Law.

63. Defendant Knox County is responsible for the acts of their employees and agents pursuant to the doctrine of *respondeat superior*, has waived its immunity, and is liable to Plaintiff pursuant to Tennessee Code Annotated § 8-8-301 et seq.

64. Defendant Knox County is further liable to Mr. Ciftci pursuant to the Governmental Tort Act, Tennessee Code Annotated § 29-20-201, et seq.

65. Mr. Ciftci suffered physical and psychological injuries as a proximate result of Defendants' assault and battery.

### Count VI: Intentional Infliction of Emotional Distress
### (Against KCSO Individual Defendants)

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said paragraphs a part hereof as if fully set forth herein.

66. "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Restatement (Second) of Torts, §46(1). "Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." *Moorhead v. J.C. Penny Co. Inc.*, 555 S.W.2d. 713,717 (Tenn. 1977).

67. "[In Tennessee] there are three essential elements to [such a] cause of action: (1) the conduct complained of must be intentional and reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in mental injury." *Id.* and *Johnson v. Women's Hospital*, 527 S.W.2d. 133,144 (Tenn. App. 1975). Plaintiff submits that Defendants' conduct as alleged herein is so egregious as to constitute intentional infliction of emotional distress.

68. Plaintiff has suffered severe emotional trauma as a result of the individual Defendants' reckless, intentional and outrageous conduct which was the proximate cause of Mr. Ciftci's suffering, and is entitled to recover from the individual Defendants.

69. During the subject incident, Mr. Ciftci suffered severe emotional trauma as a result of the individual Defendants' reckless, intentional and outrageous conduct which was the proximate cause of Mr. Ciftci's suffering, and is entitled to recover from the individual Defendants.

70. Further, "the tort of outrageous conduct is one in which punitive damages may be allowed." *Johnson* at 142. Plaintiff is entitled to punitive damages for the individual Defendants' reckless, intentional, and outrageous conduct.

## Count VII: Punitive Damages

71. The actions and omissions of the individual Defendants were unlawful, shocking to the conscience and unconstitutional, performed maliciously, recklessly, intentionally, willfully, wantonly and/or in such a manner as to entitle Plaintiff to a substantial award of punitive damages.

## DAMAGES AND PRAYER FOR RELIEF

72. As a direct and proximate result of the acts and omissions of Defendants, Mr. Ciftci's constitutional rights were violated and he sustained traumatic mental and bodily injury. The injuries and damages for which Plaintiff seeks compensation from Defendants, both jointly and severally, under both state and federal law include, but are not limited to, the following:

    a. Physical pain and suffering;

    b. Emotional pain and suffering.

73. Plaintiff requests that this Honorable Court enter a judgment against Defendants, jointly and severally, granting or awarding the following relief:

a. Compensatory damages for the injuries, and damages sustained by Mr. Ciftci described herein in the amount the jury determines appropriate and just, not to exceed three million dollars;
b. Punitive damages in an amount to be determined by the jury as fair and reasonable to deter the individual Defendants and others from engaging in similar misconduct;
c. Attorney's fees, to the fullest extent allowable by the statutes generally referenced herein and/or the common law applicable by the statutes generally referenced herein and/or the common law applicable to this case, including, but not limited to, the extent permitted under 42 U.S.C § 1988;
d. Statutory and discretionary costs;
e. Pre- and post-judgment interest; and
f. All such further relief, both general and specific, to which he may be entitled.

74. Plaintiff requests that a jury be impaneled to hear this cause.

Respectfully submitted this __1__ day of __February__ 2021.

HINDMAN & ASSOCIATES, LLC

_____
Scott A. Lanzon, BPR#029639
Bank of America Center
550 Main Avenue. Suite 550
Knoxville, Tennessee 37902
865-525-7777

COST BOND

I, the undersigned, hereby acknowledge myself as surety for payment of all costs awarded against the principal. To that end, I bind myself, my heirs, executors and administrators.

_____
Scott A. Lanzon

19

Case 3:21-cv-00033-TAV-HBG   Document 1   Filed 02/01/21   Page 19 of 19   PageID #: 19